# EXHIBIT 1

STATE OF INDIANA      )
                      ) SS:
COUNTY OF ALLEN       )

IN THE ALLEN CIRCUIT / SUPERIOR COURT
ALLEN COUNTY COURTHOUSE, ROOM 201
715 S. CALHOUN ST.
FORT WAYNE, INDIANA

CIRCUIT COURT:        (260) 449-7602

SUPERIOR COURT:       (260) 449-3491

*ANTHONY ROGERS*

CASE NUMBER:

*02C01-2107-PL-000274*

_____
Petitioner(s) / Plaintiff(s)

**AND / VS.**

*ALIAS*
**SUMMONS**

_____
*U.S. ATTORNEY Office*
Respondent(s) / Defendant(s)

**TO:**      *1300 S. HARRISON ST.*
             *FT. WAYNE, IN 46802*

You have been sued by the person(s) named above. The claim made against you is attached to this Summons; please examine all pages carefully
The "X" marked below indicates the time limit you have to FILE YOUR ANSWER.

_____  Certified Mail      You or your attorney must file a written answer to the claim WITHIN TWENTY-THREE (23) DAYS,
                            commencing the day after you receive this Summons, or judgment may be entered against you as claimed.

_____  Personal Service    You or your attorney must file a written answer to the claim WITHIN TWENTY (20) DAYS,
                            commencing the day after you receive this Summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the Clerk of the Allen Circuit and Superior Courts, Allen County
Courthouse, Room 201, 715 S. Calhoun Street, Fort Wayne, IN 46802. The method you choose to deliver your answer to the Clerk's Office is u
to you; however, you should be able to prove you filed the answer. If you wish to file a claim against another party associated with this case, yo
must state it in your written answer.

If this Summons is accompanied by a Notice to Appear or of Hearing, you must appear in this Court on the date and time stated on the attached
Notice form. IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.

Dated:  **NOV 0 8 2021**

*Christopher M Nancarrow* RJ

**CHRISTOPHER M. NANCARROW**
**CLERK OF ALLEN CIRCUIT AND SUPERIOR COURTS**

_____(_____)
Attorney / Party Preparing Subpoena    (Party Represented)

(Seal)

RECEIVED
NOV − 9 2021
U.S. ATTORNEY'S OFFICE
FORT WAYNE, IN

_____
Street Address

_____
City, State              Zip Code

_____
Telephone Number         Supreme Court ID Number

**MANNER OF SERVICE (To be completed by the Party Preparing Summons)**

SHERIFF shall serve this Subpoena as follows:

_____  personal service
_____  leaving a copy at dwelling or place of employment

CLERK shall serve this Subpoena as follows:

_____  regular mail
_____  certified mail
_____  publication

OTHER manner of service:

_____  attorney to serve

_____  private process server, _____

_____  other (describe in particular and note Trial Rule)

**CERTIFICATE OF SERVICE BY REGULAR MAIL**

I hereby certify a copy of this document was sent by U.S. mail as designated above, to the named person, at the address furnished, at Fort Wayne, Indiana.

Date: _____

_____
Clerk of the Allen Circuit and Superior Courts

1/2019 Summons Civil

## CERTIFIED MAIL

I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person at the address furnished, by registered / certified mail at Fort Wayne, Indiana, return receipt requested.

I hereby certify that service by registered / certified mail at Fort Wayne, was attempted as required by law to the person and address stated return receipt attached; and that service [ ] was [ ] was not made, as to the information contained therein.

Date Issued: _____

Date Returned: _____

_____
Clerk of the Allen Circuit and Superior Courts

_____
Clerk of the Allen Circuit and Superior Courts

## ADMISSION OF SERVICE

I received a copy of this document on this date _____ and at this location: _____

_____

_____
Signature of Party          Relationship (if not the within named)

## RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER

Enter the alphabetical letter in the space provided to indicate the type of service.

I served a copy of this document as specified: ( _____ )

    READING/delivering a copy   (A)   to the within named party:

    LEAVING A COPY for the within named party
        (B)   with the SPOUSE, named:      (F)   with a SECRETARY, named:
        (C)   with a RELATIVE, named:     (G)   with the ATTORNEY, named:
        (D)   at the RESIDENCE, located at:    (H)   with this person (OTHER - specify):
        (E)   with the EMPLOYER, named:

    Specify name of person, work supervisor, place of business, or location where copy was left.

_____

and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:

_____
Last Known Address of Person Named in the document (or Change of Address)

I did not serve a copy of this document because: ( _____ )

    (I)   the party was NOT FOUND / NO SUCH ADDRESS.    (R)  the party was on VACATION.
    (J)  the document EXPIRED.          (S)  the party was NOT FOUND / VACANT.
    (K)  the party AVOIDED service.        (T)  the party was NOT FOUND / MOVED.
    (L)  the party REFUSED service.        (U)  the party was NOT FOUND IN THIS BAILIWICK.
    (M) the party was NO LONGER EMPLOYED at that address.  (V)  INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN.
    (N)  the document was RETURNED by the authority of the plaintiff.  (W)  they are NO LONGER IN BUSINESS.
    (O)  the party is DECEASED.         (X)  several attempts were made / UNABLE TO SERVE.
    (P)  the party was UNKNOWN AT THAT ADDRESS.  (Y)  of the following reason (OTHER - specify):
    (Q)  the party was on SICK LEAVE / LAY OFF.

_____

I affirm, under the penalty of perjury, that the foregoing representations are true.

_____
Date Served / Attempted          Time Served / Attempted

_____
Signature of Sheriff of Allen County, Indiana (or other Officer)

By: _____

STATE OF INDIANA ) IN THE ALLEN CIRCUIT COURT
) SS:
COUNTY OF ALLEN ) CAUSE NO.

02C01- 21 07 -PL- 0 0 0 2 7 4

ANTHONY LEE ROGERS, )
Plaintiff, )
)
vs. )
)
UNITED STATES, a corporation )
Defendant, )

## COMPLAINT FOR DAMAGES

### BACKGROUND

1. Theresa Springmann, an agent of the United States employed in the capacity of a United States District Judge assigned to the Northern District of Indiana, at Fort Wayne.

2. Tina Nommay, an agent of the United States employed in the capacity of an Assistant United States Attorney assigned to the Northern District of Indiana, at Fort Wayne.

3. Thomas O'Malley, an agent of the United States employed as a Community Defender assigned to the Northern District of Indiana, at Fort Wayne.

4. Roger Cosbey, an agent of the United States employed as a United States Magistrate Judge assigned to the Northern District of Indiana, at Fort Wayne.

5. Amanda Miller, an agent of the United States employed as a United States Probation and Pre-Trial Services officer assigned to the Northern District of Indiana, at Fort Wayne.

6. Ned Edington, an agent of the United States employed as a United States Probation and Pre-Trial Services officer assigned to the Northern District of Indiana, at Fort Wayne.

7. On 7 April 2005 Anthony L. Rogers (hereinafter "I, Me, My") was prosecuted in a one-day trial, Cause no. 1:03-cr-78, by Assistant United States Attorney Tina Nommay for two alleged violations of Title 18 United States Code.

8. The alleged violations are purported to have occurred at 6725 John Street and at 4015 South Hanna Street in Fort Wayne, Indiana.

9. On 2 October 2006 (a full **538** days _after_ My trial) United States District Judge Theresa Springmann sentenced Me to forty-six months confinement with a $200 Special Assessment fee.

10. The court also imposed a term of three (3) years Supervised Release.

11. This prosecution took place at the United States District Court at 1300 South Harrison Street in Fort Wayne, Indiana.



On 10 December 2007 I began the term of Supervision assigned to the caseload of Mr. Ned Edington, U.S. Probation and Pre-Trial Services office (Fort Wayne, IN).

In August 2008 I was assigned (promoted) to Ms. Amanda Miller of the same office.

While assigned to Mr. Edington, I filed two (2) separate suits (02D01-0712-CT-548 and 02D01-0806-CT-231) in the Allen Superior Court, and one (1) in the Allen Circuit Court (02C01-0807-CT-22), each alleging identical charges against the United States and others. Each suit was subsequently copied to the U.S. District Court as 1:08-cv-30, 1:08-cv-162, and 1:08-cv-183, respectively.

These suits stem from the misapplication of Title 18 when the United States and its agents prosecuted Me in Cause no. 1:03-cr-78 without proper jurisdiction within the boundaries of Indiana.

In May 2008 Cause no. 1:08-cv-30 was dismissed without prejudice for lack of jurisdiction. In February 2009 Causes 162 and 183 had been combined together and dismissed without prejudice for lack of jurisdiction; Which proves My point!!

I filed the same suit again in the Allen Circuit Court on 8 April 2010 [02C01-1004-CT-16] followed by [02C01-1006-CT-25] and [02CO1-16 01-PL-000002] and [02C01-1006-CT-25] which were all completely ignored by Circuit Court Judge Thomas Felts while certain State officials –acting on behalf of a foreign government- pretended to assume control of My grievance only to immediately dismiss it for "Lack of Jurisdiction"; thereby keeping My COMPLAINT FOR DAMAGES from ever being heard in a constitutional court of law [**Indiana Constitution, Article 7 §§ 7-8**].

**The district courts of the United States <u>do not</u> possess proper jurisdiction/authority to operate as courts of law within the boundaries of Indiana.**

After a regular meeting with Ms. Miller on 10 September 2008, she filed a request for warrant for My arrest. Said warrant asserted a "Violation of 18 U.S.C. § 115(a)(1)(B)" and is signed by Roger Cosbey, United States Magistrate Judge (now retired), at Fort Wayne, Indiana.
I was arrested that evening and taken to the Allen County Jail.

In the original case no. 1:03-cr-78, My attorney, Mr. Thomas O'Malley, an agent of the United States, did not require the District Court to establish jurisdiction which allows the United States to prosecute the alleged offense. As a result, proper jurisdiction was never established.

After having filed this same COMPLAINT FOR DAMAGES as many as seven times because the respective judges have simply ignored My filings and never once notified Me of any hearings for My cause, each of the United States' agents has been retired and/or reassigned as to avoid being served/further involved in My COMPLAINT.

## ARGUMENT

In the united States of America, there are two separate and distinct jurisdictions; one being that of the State within its own territorial boundaries, and the other being federal jurisdiction. Broadly, a State's jurisdiction encompasses the legislative power to regulate, control, and govern personal property, individuals, and enterprises within the territorial limits of any given State. For Indiana, its limits (territorial jurisdiction) and sovereignty are declared in *Article 14* (Boundaries) of the Indiana Constitution:

Section 1. In order that the boundaries of the State may be known and established, it is hereby ordained and declared, that the State of Indiana is bounded, on the East, by the meridian line, which forms the western boundary of the State of Ohio; on the South, by the Ohio river, from the mouth of the Great Miami river to the mouth of the Wabash river; on the West, by a line drawn along the middle of the Wabash river, from its mouth to a point where a due north line, drawn from the town of Vincennes, would last touch the north-western shore of said Wabash river; and, thence, by a due north line, until the same shall intersect an east and west line, drawn through a point ten miles north of the southern extreme of Lake Michigan; on the North, by said east and west line, until the same shall intersect the first mentioned meridian line, which forms the western boundary of the State of Ohio.

Section 2. The State of Indiana shall possess jurisdiction and sovereignty co-extensive with the boundaries declared in the preceding section; and shall have concurrent jurisdiction, in civil and criminal cases, with the State of Kentucky on the Ohio river, and with the State of Illinois on the Wabash river, so far as said rivers form the common boundary between this State and said States respectively.

For the United States, those limits are laid out at *Article 1 § 8, Clause 17* of the United States Constitution:

To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;

The judicial powers for each sovereign are likewise delineated in their respective constitution:

**Indiana Constitution, Article 7 § 1:** Judicial Power. The judicial power of the State shall be vested in one Supreme Court, one Court of Appeals, Circuit Courts, and such other courts as the General Assembly may establish.

**United States Constitution, Article 3 § 2:** The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

The Congress is merely a body which represents and acts as agents of the several States for external affairs; it has no jurisdiction within the States.

3

Despite the clarity of this simple principle, the line of demarcation between those two jurisdictions and the extent and reach of each has become blurred due to public misconception and the extreme efforts of the United States to conceal this simple principle.

The legal effect of the Declaration of Independence was to make each State a separate and independent sovereign over which there is no other government of superior power or jurisdiction.     This condition of supreme sovereignty of each State continues notwithstanding the adoption of the **Articles of Confederation**.    Article 2 of that document declares:
Each state retains its sovereignty, freedom, and independence, and every power, jurisdiction, and right, which is not by this Confederation expressly delegated to the United States, in Congress assembled.

At the Constitutional Convention, no intention was demonstrated for the States to surrender the sovereignty and jurisdiction so possessed by them at that time; and indeed the Constitution as formally drafted continues the same territorial jurisdiction of the States as existed under the Articles of Confederation. This is evidenced at Art. 1 § 8(17) of the U.S. Constitution and again at the **10th Amendment,** which reads:
The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people.

The United States employed the defendants to perform specific duties in a geographic location in which the United States has **no** authority to perform those duties.

Defendants well knew, or should have known, that their actions are outside of the jurisdiction established for them in the U.S. Constitution and therefore bear some degree of culpability in this matter.

To further compound the Defendants' deceitful and malicious activity here:

a) The United States Code used by defendants when prosecuting Me on 12 April 2005, **Title 18,** also restricts itself to the limits laid out in the United States Constitution:
   § 7.  Special maritime and territorial jurisdiction of the United States defined
      The term "special maritime and territorial jurisdiction of the United States", as used in this title, includes:
      1. The high seas . . .
      2. Any vessel registered . . .
      3. Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

b) Agents representing the United States prosecuted Me a second time on 21 July 2009 at the federal court in Hammond, Indiana, for an alleged violation of Title 18 § 115(a)(1)(B)

4

Alleged violations of Title 18 U.S.C. within the boundaries of the sovereign territory of Indiana are as lawfully enforceable as are violations of Russian laws within the same sovereign territory.

**Title 18 § 5 United States defined**
The term "United States", as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone.

Additionally, **Title 28 § 3002 Definitions**
(15) "United States" means—
    (A) a Federal corporation;
    (B) an agency, department, commission, board, or other entity of the United States; or
    (C) an instrumentality of the United States.

Persons within the territorial boundaries of any State [Indiana] are not subject to the jurisdiction of the United States Corporation. Indiana is a sovereign State with its own government and its own Constitution. Nothing about the Indiana Constitution authorizes the United States to set-up shop in Indiana and prosecute criminal cases at will.

Indiana's General Assembly does not acknowledge any foreign court as a viable judicial power in Indiana. The General Assembly does concede "concurrent jurisdiction, in civil and criminal cases, with the State of Kentucky on the Ohio river, and with the State of Illinois on the Wabash river, so far as said rivers form the common boundary between this State and said States respectively." [Indiana Constitution, Art. 14 § 2], but does not concede jurisdiction to any other entity in any capacity.

The defendants claim jurisdiction in **Title 18 § 3231 District Courts:**
The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

However, **Title 18 § 23 Court of the United States defined**
As used in this title, except where otherwise expressly provided, the term "court of the United States" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands.

Hence, to refer to the structures at 1300 S. Harrison Street [Fort Wayne] and 5400 Federal Plaza [Hammond] as a Court of the United States is a purposeful trick of the United States'; to practice criminal law at these structures is another purposeful trick of the United States'.

Thus, it is clear that Title 18 does not acknowledge any court in Indiana, or in the united States of America for that matter, as a court of competent jurisdiction for its purpose. Accordingly, it seems preposterous to use Title 18 § 3231 to grant jurisdiction over the cited case while the Title shows itself to be inadequate.

A distinction must be taken between "subject-matter jurisdiction" and "civil jurisdiction" and "territorial jurisdiction." <u>Subject-matter jurisdiction</u> refers to the 'subject' (or *allegation*) of the complaint. <u>Civil jurisdiction</u> is referred to consent; it binds all who have consented. <u>Territorial jurisdiction</u> goes farther; it operates upon those who have not assented – such as aliens – but the alien must do something; he must come within the territory whereby he submits to the jurisdiction.

The defendant's agents clearly violated the United States Constitution, the Indiana Constitution, and even the United States Code – of which they claim I was in violation – clearly shows it is only applicable on properties "acquired by the United States by consent of the legislature of the State in which the same shall be, . . ." [Title 18 § 7]

The defendant's agents may want to misdirect the court by citing 7th Circuit Court decisions which appear to validate the United States' prosecution of criminal cases throughout Indiana; but that is merely *prima facie* law because the United States has no authority to impose its Codes where it has no jurisdiction.

### Similar Cases and Decisions

1. **McIlvane v. Coxe's lesser, 8 U.S. (4 Cranch) 209, 212 (1808),** where it was held:
   "This opinion is predicated upon a principle which is believed to be undeniable, that the States which compose this Union, so far at least as regarded their municipal regulations, become entitled from the time when they declared themselves independent, to all rights and powers of sovereign States. . . . The Treaty of Peace contains a recognition of their independence, not a grant of it."

   "[T]he soil and sovereignty within their acknowledged limits were as much theirs at the declaration of independence as at this hour."

2. **United States v. Bevans, 16 U.S. (3 Wheat) 336, 4 LED 404 (1818),** involved a federal prosecution for a murder committed on board the warship, Independence, anchored in the harbor at Boston, Massachusetts. The defense argued that only the State has jurisdiction to prosecute this crime. In argument before the Supreme Court, counsel for the United States admitted:
   "The exclusive jurisdiction which the United States has in forts and dockyards ceded to them is derived from the express assent of the States by whom the cessions are made. It could be derived in no other manner, because without it, the authority of the State would be Supreme and exclusive therein." Id., at 350-51.

   The Court was very specific in holding that the State of Massachusetts has jurisdiction over this crime:
   ". . . without hesitation, the jurisdiction of a State is co-extensive with its territory; co-extensive with its legislative power." Id., at 386-387.

   "The article which describes the judicial power of the United States is not intended for the cession of territory or of general jurisdiction."
   "It is observable that the power of exclusive legislation (which is jurisdiction) is united with cession of territory, which is to be the free act of the States . . ." Id., at 388
   "As the powers of the respective governments now stand, if two citizens of Massachusetts step into shallow water when the tide flows, and fight a duel, are they not within the jurisdiction and

punishable by the laws of Massachusetts? . . . then the bay in which this murder was committed is not out of the jurisdiction of a State, and the Circuit Court of Massachusetts is not authorized, by the section under consideration, to take cognizance of the murder which has been committed."

3. In **Cincinnati Soap Co. v. United States, 81 LED 1122 (1937),** the court ruled: "A State, except as the federal Constitution otherwise requires, is supreme and independent. It has its own government, with full powers of taxation and full power to appropriate the revenues derived therefrom."

4. **Wilkerson v. Rahrer, 140 U.S. 545, 554, 555; 35 LED 572 (1891):** "The power of the State to impose restraints and burdens upon persons and property in conservation and promotion of the public health, good order, and prosperity is a power originally and always belonging to the States, not surrendered by them to the general government, nor directly restrained by the constitution of the United States, and essentially exclusive.

   "The fourteenth (14th) Amendment, in forbidding a State to make or enforce any law abridging the privileges or immunities of citizens of the United States, or to deprive any person of life, liberty, or property without due process of law, or to deny to any person within its jurisdiction the equal protection of the laws, did not invest, and did not attempt to invest, Congress with power to legislate upon subjects which are within the domain of State legislation." **McDermott v. Wisconsin, 57 LED 754 (1913); Plumley v. Massachusetts, 155 U.S. 461, 39 LED 223; Crossman v. Lurman, 192 U.S. 189, 48 LED 401; Hathaway v. McDonald, 27 Wash. 659, Powell v. Pennsylvania, 127 U.S. 678, 32 LED 253; New York ex rel. Lieberman v. Van de Carr, 199 U.S. 552, 50 LED 305; Logan v. Postal Teleg. & Cable Co., 157 F. 570, 583.**

5. **Bowen v. Johnston, 306 U.S. 19, 83 LED 455 (1939)** "If State statutes ceding land for a national park do not give to the United States exclusive jurisdiction over the park, an indictment for a crime committed therein does not charge an offense cognizable in the federal courts."

6. In **Surplus Trading Company v. Cook, 281 U.S. 647, 74 LED 1091 (1928),** the court ruled: "The Constitution of the United States declares that Congress shall have power to exercise 'exclusive legislation' in all 'cases whatsoever' over all places purchased by the consent of the legislature of the State in which the same shall be, for the erection of forts, magazines, arsenals, dockyards and other needful buildings. When, therefore, a purchase of land for any of these purposes is made by the national government, and the State legislature has given its consent to the purchase, the land so purchased, by the very terms of the Constitution, ipso facto, falls within the exclusive legislation of Congress, and the State jurisdiction is completely ousted. . . It is under the like terms in the same clause of the Constitution that exclusive jurisdiction is now exercised by the Congress in the District of Columbia; for if exclusive jurisdiction and exclusive legislation do not import the same thing, the States could not cede or the United States accept, for the purposes enumerated in this clause, any exclusive jurisdiction."

7. In **Gladstone v. Payne, 94 F.2d 855; certiorari denied, 304 U.S. 585; 58 S. Ct. 1057; 82 LED 1547,** the case had been tried, resulting in a verdict for the plaintiff. The defendant then moved for dismissal for lack of jurisdiction, which motion was denied by the district court. In reversing the case, the court, on page 857 of 94 F.2d, said, "But, where the court lacks jurisdiction over the subject-matter of a case, the defect is not cured by getting personal jurisdiction of the defendant. Such a want of jurisdiction can not be waived by pleading or any other form of consent -- not even by going to trial."

8. **Page v. Wright, 116 F.2d 449, 454-455 (7th Cir. 1940)** "In reaching the conclusion that the court should have heard and determined the jurisdictional question, we are not unmindful that a trial court, as well as a reviewing court, may well be aggravated at the course of counsel which permits a cause to proceed to a point where an adverse decision is in prospect and then, for the first time, raise the question. Certainly, there is a duty imposed upon counsel to deal fairly and sincerely with the court and opposing counsel so as to conserve the time and expense of all, and that actions may be litigated in an orderly manner. In the instant case it may be that counsel made an unintentional mistake although such a situation is not easy to visualize. It is not difficult to conceive a case where the conduct of counsel by an intentional failure to raise the jurisdictional question in the beginning could well be termed reprehensible. In fact, counsel, under such circumstances, might properly be subjected to disciplinary action on the part of the court. This discussion, however, is inapposite to the question of jurisdiction."

9. **Page v. Wright, 116 F.2d 449, 454-455 (7th Cir. 1940)** "We are therefore of opinion that the surrounding States, within the limits prescribed in their respective organic acts, have sovereign rights in and over the navigable waters of Lake Michigan, subject to the paramount right of the federal government to regulate navigation and commerce between the States and with foreign nations. The right of the State to legislate and to enforce its laws is plenary, within the boundaries prescribed . . ."

10. **In re Kelly, 71 F. 545, (7th Cir. 1895)** "The courts of the United States are peculiarly of limited jurisdiction in criminal cases. Common-law crimes, as such, against the federal government do not exist."

11. **In re Kelly, 71 F. 545, (7th Cir. 1895)** "There must be an actual purchase for the purpose by the United States, and consent by the legislative authority of the State, as conditions precedent to the operation of this provision; thereupon all jurisdiction is ceded, and passes to the general government."

12. **In re Kelly, 71 F. 545, (7th Cir. 1895)** "(T)he act of Congress which provides for the purchase and requires the legislative consent must in some unequivocal terms declare that exclusive jurisdiction is intended and necessary for the proposed use, or at least the purpose stated must be one of which it is manifest that any exercise of co-ordinate or other jurisdiction would be incompatible therewith."

13. **In re Kelly, 71 F. 545, (7th Cir. 1895)** "The rights of sovereignty are never to be taken away by implication, and the rule thus stated is an accepted canon in the construction of powers between the nation and the State."

14. **Danaby v. National Bank of Denison, 64 F. 148 (7th Cir. 1894)** citing **Railway Co. v. Ramsey, 22 Wall 322** "It is clear that, in order to confer jurisdiction, the diverse citizenship of the parties to the suit must appear by the record, and this cannot be waived. This has been so often declared by the supreme court as now to be elementary. The jurisdiction need not necessarily be averred in the pleadings, if it otherwise affirmatively appears by the record

15. **American Fire and Casualty Company v. Finn, 95 LED 702 (1951)** The United States Supreme Court has firmly established the principle that "the jurisdiction of the federal courts must be carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties." **People's Bank v. Calhoun, 26 LED 101 (1880).**

8

16. **United States v. Cornell, 25 Fed. Cas. 646, 648, No. 14, 867 (C.C.D.R.I. 1819),** a murder was committed on a land which had been ceded to the United States. The court held:

"But although the United States may well purchase and hold lands for public purpose within the territorial limits of a State, this does not of itself oust the jurisdiction or sovereignty of such State over the lands so purchased. It remains until the State has relinquished its authority over the lands expressly."

17. **Foley Bros., Inc. v. Filardo, 93 LED 680 (1949)** "It is a longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." **E.E.O.C. v. Arabian American Oil Co., 113 LED 274; Blackmer v. United States, 76 LED 375; United States v. Spelar, 94 LED 3 (1949).**

18. In **Commonwealth v. Young, Brightly, N.P. 302, 309 (Pa. 1818),** the Supreme Court of Pennsylvania was presented with the issue of whether lands owned by the United States for which Pennsylvania had never ceded jurisdiction had to be sold pursuant to State law. In deciding that the State law of Pennsylvania exclusively controlled this sale of federal land, the Court held:

"The legislation and authority of congress is confined to cessions by particular States for the seat of government, and purchases made by consent of the legislature of the State, for the purpose of erecting forts. The legislative power and exclusive jurisdiction remained in the several States, of all territory within their limits, not ceded to, or purchased by, congress, with the assent of the State legislature, to prevent the collision of legislation and authority between the United States and the several States."

19. In **People v. Godfrey, 17 Johns. 225, 233 (N.Y. 1819),** the Supreme Court of New York was presented with the issue of whether the State of New York has jurisdiction over a murder committed at Fort Niagara, a federal fort. That court held that the fort is subject to the jurisdiction of the State since the lands therefore had not been ceded to the United States. The rationale of its opinion stated:

"To oust this State of its jurisdiction to support and maintain its laws, and to punish crimes, it must be shown that an offense committed within the acknowledged limits of the State, is clearly and exclusively cognizable by the laws and courts of the United States. In the case already cited, Chief Justice Marshall observed, that to bring the offense within the jurisdiction of the courts of the union, it must have been committed out of the jurisdiction of any State; it is not (he says,) the offence committed, but the place in which it is committed, which must be out of the jurisdiction of the State."

20. At about the same time that the New York Supreme Court rendered its opinion in Godfrey, a similar fact situation was before a federal court, the only difference being that the murder committed in the case occurred on land which had been ceded to the United States. In **United States v. Cornell, 25 Fed.Cas. 646, 648**

No. 14,867 (C.C.D.R.I. 1819), the court held that the case fell within federal jurisdiction, describing such jurisdiction as follows:

"But although the United States may well purchase and hold lands for public purposes, within the territorial limits of a State, this does not of itself oust the jurisdiction or sovereignty of such State over the lands so purchased. It remains until the State has relinquished its authority over the land either expressly or by necessary implication.

"When therefore a purchase of land for any of these purposes is made by the national government, and the State Legislature has given its consent to the purchase, the land so purchased by the very terms of the constitution, ipso facto, falls within the exclusive legislation of Congress, and the State jurisdiction is completely ousted."

21. In **Pollard v. Hagan, 44 U.S. (3 How.) 212 (1845),** the question of federal jurisdiction was once again before the Court. This case involved a contest of the title to real property, with one of the parties claiming a right to the disputed property via a U.S. patent; the lands in question were situated in Mobile, Alabama, adjacent to Mobile Bay. In discussing the subject of federal jurisdiction, the Court held:

"We think a proper examination of this subject will show that the United States never held any municipal sovereignty, jurisdiction, or right of soil in and to the territory, of which Alabama or any of the new States were formed," 44 U.S., at 221.

"[B]ecause, the United States has no constitutional capacity to exercise municipal jurisdiction, sovereignty, or eminent domain, within the limits of a State or elsewhere, except in the cases in which it is expressly granted," 44 U.S., at 223.

"Alabama is therefore entitled to the sovereignty and jurisdiction over all the territory within her limits, subject to the common law," 44 U.S., at 228, 229.

22. The single most important case regarding the subject of federal jurisdiction appears to be **Fort Leavenworth R. Co. v. Lowe, 114 U.S. 525, 531, 5 S. Ct. 995 (1885),** which sets forth the law on this point fully. There, the railroad company property which passed through the Fort Leavenworth federal enclave was being subjected to taxation by Kansas, and the company claimed an exemption from State taxation. In holding that the railroad company's property could be taxed, the Court carefully explained federal jurisdiction within the States:

"The consent of the States to the purchase of lands within them for the special purposes named, is, however, essential, under the constitution, to the transfer to the general government, with the title, of political jurisdiction and dominion. Where lands are acquired without such consent, the possession of the United States, unless political jurisdiction be ceded to them in some other way, is simply that of an ordinary proprietor.

"The property in that case, unless used as a means to carry out the purposes of the government, is subject to the legislative authority and control of the States equally with the property of private individuals."

Thus, the cases decided within the 19th century clearly disclosed the extent and scope of both State and federal jurisdiction. In essence, these cases, among many others, hold that the jurisdiction of any particular State is co-extensive with its borders or territory, and all persons and property located or found therein are subject to such territorial jurisdiction; this jurisdiction is superior. Federal jurisdiction results only from a conveyance of State jurisdiction to the federal government for lands owned or otherwise possessed by the federal government for specific purpose spelled-out in the U.S. Constitution; and thus, federal jurisdiction is extremely limited in nature. And there is no federal jurisdiction if there be no grant or cession of jurisdiction by the State to the federal government. Therefore, federal territorial jurisdiction exists only in Washington, District of Columbia; military enclaves within the States; and the territories and possessions of the United States.

## CONCLUSION

1. From the preceding citations, it is evident that the United States maintains "exclusive legislation" –which is exclusive jurisdiction, i.e. sovereignty- "over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;" Likewise, Indiana maintains "jurisdiction and sovereignty co-extensive with the boundaries declared in the preceding section; and shall have concurrent jurisdiction, in civil and criminal cases, with the State of Kentucky on the Ohio river, and with the State of Illinois on the Wabash river, so far as said rivers form the common boundary between this State and said States respectively."

2. Federal courts are courts of limited jurisdiction, and not courts of general jurisdiction. Courts of limited jurisdiction can hear and decide cases that involve only certain subject-matter. This limited subject-matter jurisdiction extends to:
   a. Federal question jurisdiction: cases arising under the Constitution, federal laws, and treaties
   b. Ambassador jurisdiction: cases involving ambassadors, other public ministers and consuls
   c. Admiralty jurisdiction: cases involving navigable waters
   d. State jurisdiction: cases between two or more States
   e. Diversity jurisdiction: cases between citizens of different States
   f. Land grants jurisdiction: cases between citizens of the same State claiming land under the grants of different States.
   g. Alienage jurisdiction: cases between
      i. a State and a foreign State;
      ii. citizens of a State and a foreign State;
      iii. citizens of a State and citizens or subjects of a foreign State; or
      iv. a State and citizens of another State or citizens or subjects of a foreign State, where the State is the initial plaintiff.

3. Article Three is not self-executing concerning the subject-matter over which federal courts can have jurisdiction. The Congress decides, from the subject-matter specified in Article Three, what jurisdiction the federal courts will have.

4. Our Indiana Constitution is even more clear and unequivocal in the matter of jurisdiction as is their United States Constitution. Agents representing the defendant acted without the jurisdiction laid out by their own constitution and intruded upon the sovereign jurisdiction of the State of Indiana.

5. It is not the action itself but the place where the action took place which gives the court its jurisdiction.

6. The separate States of America recognize the District of Columbia to be the sovereign territory of the United States Corporation along with any lands purchased by the United States with the assent of the State in which the same shall be. [U.S. Constitution, Article 1 § 8(17)]

7. Since the United States did not purchase the lands with the consent of the State, it did not acquire exclusive jurisdiction under the constitutional provision, and there has been no cession of jurisdiction by the State. It follows that the State maintains ALL legislative jurisdiction over public lands within its boundaries which it acquired by Statehood.

8. It appears in law that I am as foreign as a Non-Resident Alien to the District of Columbia's federal government [U.S. Const., Art. 1 § 8(17)] as likewise to Russia.

9. Defendant's agents acted in concert – under the Color of Law – to fraudulently and maliciously prosecute a criminal case in Fort Wayne, Indiana, a geographic location which is outside the defendants' lawful jurisdiction as stated at Article 1 § 8(17) of the United States Constitution.

## PRAYER

Plaintiff, Anthony L. Rogers, prays this court will recognize this misapplication of the United States Code was done with malice, deceit, and recklessness on the part of the United States, to the injury of the Plaintiff's mental and physical health and civil liberties and civil rights.

Defendant in this action caused injury to Me by employing agents to fraudulently use powers and authority granted them by the United States; such powers and authority have not been officially recognized or welcomed within the boundaries of Indiana by Indiana's General Assembly.

Although several named agents have been admitted to practice law within the State of Indiana, each has demonstrated his/her utter disregard for the Indiana Constitution and has, on numerous occasions, chosen to impose the Codes of a foreign government within the sovereign jurisdiction of the State of Indiana by prosecuting supposed violators of their United States Codes in pseudo courts.

I formally ask this Honorable court for relief and remedy, Nunc pro Tunc; to:

I.    Vacate the VOID judgment in the cited case; and

II.   Expunge from the record any conviction and sentence associated with the cited case; and

III.  Order the defendant to pay to Plaintiff the sum certain: forty-eight billion dollars ($48,000,000,000.00).

## **AFFIDAVIT**

I, Anthony L. Rogers, sui juris, as the aggrieved party, having firsthand knowledge, hereby declare under penalty of perjury under the laws of the united States of America, that the preceding statement is sure, true, correct, complete, and not misleading, to the best of My knowledge and understanding of law, Color of Law, Declaration of Independence, Articles of Confederation, United States Constitution, United States Codes, and the Indiana Constitution.

_Anthony Rogers_         2 JUNE 2021
Anthony Rogers               Date

14

STATE OF INDIANA ) IN THE _____ SUPERIOR/CIRCUIT COURT
                 ):SS:
COUNTY OF _ALLEN_ )  CASE NO. 02C01- 21 07 -PL- 0 0 0 2 7 4

IN RE THE _____ OF:

_ANTHONY ROGERS_
Petitioner,

V.

_UNITED STATES_
Respondent.

## APPEARANCE BY SELF-REPRESENTED PERSON IN CIVIL CASE

This Appearance Form must be filed on behalf of every party in a civil case.

1. My Name is: _ANTHONY ROGERS_ and I am

Initiating (filing) _X_ ;
Responding (answering or defending)____ ; or
Intervening ____ ;

in this case and am representing myself.

2. Contact information for receiving legal service of documents and case information is required by Court Rules; *(NOTE: If you are the Initiating party and this case, or a related case, involves a protection from abuse order, a workplace violence restraining order, or a no-contact order, you must provide an address for the purpose of legal service of documents but that address should not be one that exposes the whereabouts of a petitioner)*

Address: _12840 SLASH PASS_
_FORT WAYNE IN 46818_
Email Address: _T.L. ROGERS @ HOTMAIL. COM_
Phone: _260-515-4942_
FAX: _____

OR, if in the related case, you have used the Attorney General Confidential address, you may check the box below:

____ Attorney General confidential address (contact the Attorney General at 1-800-321-1907 or e-mail address is confidential@atg.state.in.us).

3. This is a _____ case type as defined in administrative Rule 8(B)(3).
   *(Clerk will supply this information.)*

4. I will accept service by FAX at the following number _N/A_

Form TCM-TR3.1-2
Approved by State Court Administration 07/09

5. This case is a domestic relations matter, involves Uniform Reciprocal Enforcement of support (URESA), paternity, delinquency, Child in Need of Services (CHINS), guardianship, or any other proceedings in which support may be an issue, and social security numbers of all family members are supplied on a separately attached document (Form TCM-TR3.1-4) filed as confidential information on light green paper.

_____Yes    ☒ No

6. There are related cases: Yes ☒ No ____ *(If yes, please indicate below.)*

Caption and case number of related cases:

Caption:_____  Case Number: 02D01- 0712 - CT-548
Caption:_____  Case Number: 02D01- 0806 - CT-231
Caption:_____  Case Number: 02C01-0807- CT-022
Caption:_____  Case Number: 02C01-1004- CT-016
Caption:_____  Case Number: 02C01-1006- CT-025
Caption:_____  Case Number: 02C01-1601- PL-02

7. Additional information required by local rule:

_____

*Anthony Rogers*
Self-Represented Party

Form TCM-TR3.1-2
Approved by State Court Administration 07/09

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO.  **02C01-2107-PL-00274** |

ANTHONY LEE ROGERS, )
   Plaintiff, )
)
vs. )
)
UNITED STATES, a corporation )
   Defendant, )

RECEIVED
NOV 2 4
U.S. ATTORNEY'S OFFICE
FORT WAYNE, IN

## <u>MOTION FOR SUMMARY JUDGMENT</u>

In the current Cause No. 02C01-2107-PL-00274, Plaintiff has always presented his argument concisely and without fear of successful contradiction.

Defendant has an obligation to respond with controlling law and case precedence (*STARE DECISIS*).

HERETOFORE, defendant has used every opportunity to stall in this – and previous – Causes and, sadly, all concerned judges have allowed those stalling tactics; defendants have only averred to Federal Rules of Court 12b(1) and 12b(6); THAT IS NOT CASE LAW!

THEREFORE, Plaintiff moves for Summary Judgment in the premises and asks this Circuit Court to order the Defendant to pay to Plaintiff the sum certain: forty billion dollars $40,000,000,000.00

*Anthony Rogers*

Anthony Rogers        22 November 2021

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on Monday, 22 November 2021, the foregoing was filed with the Allen County Clerk of Courts.

I further certify that on Monday, 22 November 2021 the foregoing was served by U.S. mail addressed to the following participants:

- Assistant U.S. Attorneys' Office
  1300 South Harrison St. Room #3128
  Fort Wayne, IN 46802-3489

Attention: Cause No. **02C01-2107-PL-000274**

### AFFIDAVIT

I, Anthony Lee Rogers, sui juris, as the aggrieved party, having firsthand knowledge, hereby declare under penalty of perjury under the laws of the united States of America, that the preceding statement is sure, true, correct, complete, and not misleading, to the best of My knowledge and understanding.

Respectfully submitted,

Anthony Rogers

2

FT. WAYNE, IN 468

22 NOV 2021 PM 3 L

ANTHONY ROGERS
12840 SLASH PASS
city, state 46818

SECURITY
SCREENED

Ass't. U.S. ATTORNEY OFC.
1300 S. HARRISON ST.
FT. WAYNE, IN 46802

02C01-2107-PL