UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY LEE ROGERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>)<br>UNITED STATES, a corporation, )<br>)<br>Defendant. )<br>) | Case No. 1:21-CV-433<br>  (Formerly Allen County Superior<br>  Court, Cause No. 02C01-2107-PL-<br>  000274) |

**MEMORANDUM OF THE UNITED STATES IN SUPPORT OF
MOTION TO DISMISS**

Plaintiff's complaint is the seventh in a series of frivolous lawsuits raising identical allegations against the United States of America and various prosecutors, judges, and agents of the United States involved in Plaintiff's April 12, 2005 conviction. Indeed, this Court has restricted Plaintiff from further filing documents because of his serial frivolous filings identical to the one in this matter. For this reason, and because this Court lacks subject matter jurisdiction, Plaintiff has failed to state a viable claim, and the United States has not waived its sovereign immunity, the Court should likewise dismiss Plaintiff's complaint in this matter.

## BACKGROUND

On April 12, 2005, a jury convicted Anthony Lee Rogers, the plaintiff in this case, with making a false statement on a form required to purchase a firearm because of his status as a convicted felon, in violation of 18 U.S.C. §922(g)(1). Those convictions were affirmed on appeal. *United States v. Rogers*, 542 F.3d 197 (7th Cir. 2008).

The present case is the seventh in a line of identical cases filed by Plaintiff[1]. Each was filed in state court and removed to this Court and seeks to expunge those convictions and damages in the amount of $48 billion from the United States. Plaintiff's claims were determined to be akin to a claim for habeas relief and a tort claim against the United States. *Rogers v. United States*, 2008 WL 2074142 at *2.

Rogers' consistent theory is that any acts which Rogers may have committed occurred in the "sovereign state" of Indiana, a jurisdiction in which the United States has no authority to enact operative laws. Rogers' thesis is not only frivolous, but frivolous squared. *Stuart v. Rec*__ F.3d ___, 2010 WL 1780151; and see *Rogers v. United States, et al.*; Case No. 1:10CV139 (N.D.

---

[1] Rogers filed all of the cases, including the present, in state court. All of them were removed, with removal of the present case being proper under 28 U.S.C. § 1442 because the defendants are the United States and officers employed by the United States who were acting in their official capacities. The prior cases were docketed in this court as 1:08CV30; 1:08CV162; 1:08CV183; 1:10CV139, 1:10CV220, 1:10CV416, and 1:16CV18.

2

Ind., May 17, 2010). The issues in this case have been determined adversely to Plaintiff.

Notably, this Court held that Plaintiff's claim is patently frivolous. *Id*. The court dismissed, *sua sponte*, the first of the 2010 cases describing it as "patently frivolous, squared," (1:10 CV 139, DE #23 at 2), warning Plaintiff that any new actions making the same or substantially similar frivolous claims would likely result in sanctions. (*Id*. at 3.) Despite this warning, Plaintiff filed two more identical claims in 2010, which the court consolidated and dismissed, fining Plaintiff $500 along with restricting him from further filing in federal court. (1:10 CV 220, DE #37 at 5). The court stated that "if Rogers attempts to circumvent this restriction by filing any suit in state court that attacks his criminal conviction in case 1:03 CR 78 (N.D. Ind.) or seeks damages in connection with that case, upon (proper) removal of the action, all federal claims will be dismissed *sua sponte*, and any state claims will either be remanded to state court or dismissed *sua sponte* within the proper exercise of this court's supplemental jurisdiction." (*Id.*) When Plaintiff filed the identical complaint again in 2016, the United States removed the case to this Court and moved to dismiss, citing the Court's order in 1:10-cv-220. The Court denied the United States' motion to dismiss as moot and dismissed the case *sua sponte*, explaining that it had warned Plaintiff it would do so if he filed again. The Court dismissed the case with prejudice, fined Plaintiff $1,000, restricted

3

Plaintiff from filing a new case, advised Plaintiff that he could seek leave to remove this restriction only after two years, admonished Plaintiff that if he attempted to circumvent the restriction and file in state court that he would be further fined, and directed the clerk to return unfiled any papers in violation of the order.

The present complaint removed to this Court is nearly identical to the complaints filed in Case Nos. 1:10CV220, 1:10CV416, and 1:16CV18. It does not appear that Plaintiff ever sought leave to remove his restriction on filing.

## ARGUMENT

### I. Plaintiff's Complaint Should Be Dismissed Because He Is Restricted From Filing.

It appears from the Court's records that Plaintiff has taken no action to remove the "restriction" the Court placed against Plaintiff from filing any further complaints. As such, the "restriction" is still effective. Because Plaintiff's present action is in violation of the Court's orders of January 26, 2011 and of February 5, 2017, the Court must *sua sponte* dismiss this case against the United States.

### II. Assuming, Arguendo, That the Court Considered Plaintiff's Complaint, Plaintiff's Complaint Should Be Dismissed Because The Court Does Not Have Subject Matter Jurisdiction.

If the Court did consider Plaintiff's claims, which it should not, Plaintiff's complaint should be dismissed for the additional reason that there is no subject

matter jurisdiction. "The jurisdiction of a federal court upon removal under 28 U.S.C. § 1442, is essentially derivative of that of the state court." *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312 at 316 (7th Cir. 1994) (citing *Ariz. v. Manypenny*, 451 U.S. 232 (1981)). The state court did not have jurisdiction over any of Plaintiff's claims, and thus this court did not acquire any jurisdiction.

To expand, Plaintiff's claim to set aside his sentence is a request for relief under 28 U.S.C. § 2255. A motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 must be filed in "the court that imposed the sentence." 28 U.S.C. § 2255(a). Plaintiff's request for relief under § 2255 should have been filed in this Court as the sentencing court under § 2255(a), not in a state court of general jurisdiction. The state court had no jurisdiction to decide a motion under § 2255. Thus, the federal court upon removal acquired no jurisdiction.

Likewise, Plaintiff's claims sounding in tort fail for the same reason. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), grants "exclusive jurisdiction" to United States district courts for such personal injury claims. Because the state court lacked jurisdiction over this personal injury claim, this federal court did not acquire subject matter jurisdiction as a result of the removal. Thus, this action should be dismissed for lack of jurisdiction.

### III. Plaintiff's Complaint Also Fails to State a Claim for Relief.

Additionally, while the complaint in this action discusses Plaintiff's view of federalism that the United States should not be able to prosecute citizens of

5

Indiana for acts done on non-government property, it is well-settled that the statutes under which Plaintiff was convicted are constitutional enactments under the Commerce Clause. Indeed, Plaintiff was convicted of one count for violating 18 U.S.C. § 922(g)(1) and another count for violating 18 U.S.C. § 924(a)(1)(A). As for the conviction for being a felon in possession of a firearm, the Seventh Circuit has consistently upheld the constitutionality of § 922(g)(1) against challenges under the Commerce Clause. *See, e.g. United States v. Van Sach*, 458 F.3d 694 (7th Cir. 2006); *United States v. Humphreys*, 468 F.3d 1051 (7th Cir. 2006); *United States v Olson*, 408 F.3d 366 (7th Cir. 2005); *United States v. Williams*, 410 F.3d 397 (7th Cir. 2005); *United States v. Keller*, 376 F.3d 713, 716-17 (7th Cir. 2004); and *United States v. Lemons* 302 F.3d 769 (7th Cir. 2002). Similarly, with respect to the conviction for making a false statement in connection with the purchase of a firearm, the Seventh Circuit has held "there can be little doubt about the government's authority to regulate the interstate trade in firearms and its corresponding power to inquire into the backgrounds of those attempting to purchase firearms." *United States v. Lawton*, 366 F.3d 550 at 554 (7th Cir. 2004). Thus, Plaintiff's claim is frivolous.

### IV. Plaintiff's Claims Are Barred by Sovereign Immunity.

Plaintiff's complaint is further barred as to his claim for monetary damages because the United States has not waived sovereign immunity. The prayer for relief in the Complaint seeks to void the convictions and sentence of Plaintiff

and demands monetary judgment in the amount of forty-eight billion dollars for the alleged misapplication of the United States Code by the United States with malice, deceit and recklessness. This language sounds in tort for abuse of process, malicious prosecution and deceit. It is well-established that the United States government may be sued only where Congress has waived its sovereign immunity. *LaBonte v. United States*, 233 F.3d 1049, 1051 (7th Cir. 2000). The FTCA waives the government's immunity, making the government liable to the same extent as a private party, "for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The FTCA does not extend its waiver of the United States' sovereign immunity to claims of false arrest, deceit, malicious prosecution, and false imprisonment. 28 U.S.C. § 2680(h). But even if it did, Plaintiff has failed to allege exhaustion of administrative remedies or submit proof of a timely written notice pursuant to § 2675. Moreover, Plaintiff's claims arose at the latest in 2006, when he was sentenced, and any such claims are exceedingly untimely.

WHEREFORE, the United States moves to dismiss this action with prejudice and all other proper relief.

       Respectfully submitted,

       CLIFFORD D. JOHNSON
       UNITED STATES ATTORNEY

       <u>/s/ Lauren Waxler</u>
       LAUREN WAXLER
       Assistant United States Attorney
       Northern District of Indiana
       5400 Federal Plaza, Suite 1500
       Hammond, Indiana 46320
       Phone: 219-937-5500
       Fax: 219-937-5550
       E-Mail: Lauren.Waxler@usdoj.gov